The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. Therefore, the Full Commission adopts the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Plaintiff-employee is Kevin Douglas Ouzts.
2. Defendant-employer is Red Lobster.
3. Liberty Mutual Insurance Company is the carrier on the risk for this claim.
4. Defendant-employer regularly employees three or more employees and is bound by the provisions of the North Carolina Workers Compensation Act.
5. The Industrial Commission has jurisdiction over the parties and all parties have been properly named in this action.
6. Defendant-employer employed plaintiff on June 22, 1998 as a waiter/trainee.
7. The parties stipulated the following documents into evidence:
a. Industrial Commission Forms.
b. Employees recorded statement dated June 26, 1998.
c. Discovery responses.
 d. Medical records from Pitt County Memorial Hospital and Eastern Orthopaedic Group.
e. Photograph of drain.
8. Issues to be heard by the Commission:
 a. Whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on June 22, 1998.
b. If so, to what benefits is plaintiff entitled.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 24 year old male with a high school degree and was attending Pitt Community College. Plaintiff worked for Red Lobster from June 8, 1998 until the date of the incident, June 22, 1998, and also worked for Beef Barn. Plaintiff had a diabetic condition for which he regularly self-medicated with insulin.
2. On June 22, 1998, plaintiff was finishing the last day of training under his manager, Charles Rico Nix. Plaintiff testified that at that time he went behind the bar to get a soft drink. While behind the bar, plaintiff suffered a presyncopal episode. He felt some light headedness and his knees buckled and he fell to the floor. Plaintiff sustained a trimalleolar fracture to his right ankle. Rico Nix and a bartender on duty at the time, Jason Faga, were the only witnesses to the fall.
4. Mr. Nix testified that he noticed plaintiff going behind the bar and that he looked like he was shaking and incoherent. He noticed plaintiff shaking and asked plaintiff if he was okay. Plaintiff responded that he was not. Mr. Nix immediately began to go to the bar area to assist plaintiff; however, plaintiff fell before Mr. Nix was able to reach him.
5. Jason Fagan also noticed plaintiff go behind the bar, noticed that plaintiff was shaking, and stated that he had never seen anything quite like plaintiffs condition. Mr. Fagan also began to go behind the bar to render assistance when plaintiff fell.
6. After plaintiff fell, Mr. Nix immediately called 911 for assistance. Mr. Fagan assisted plaintiff to a nearby table and gave him a few glasses of a soft drink. After drinking the soft drink, plaintiff began to feel better and became more coherent. Plaintiff was then transported by ambulance to Pitt County Memorial Hospital.
7. The nurses notes from Pitt County Memorial Hospital indicate that plaintiff was feeling weak while he was at work, his knees buckled and he twisted his right angle.
8. Plaintiff was treated by Dr. Charles Brown and Dr. Michelle Di Nicola. These physicians noted that plaintiff presented to the emergency room after a presyncopal episode. The emergency room doctors noted that plaintiff felt some lightheadedness and his knees buckled however, he did not lose consciousness or pass out. The doctors further noted that prior to going to the floor, plaintiff twisted his ankle. Plaintiff was diagnosed with presyncope and a right ankle fracture.
9. Plaintiff subsequently was treated by Dr. Edwin Bartlett with Eastern Orthopaedic Group for a right trimalleolar fracture. Dr. Bartlett determined that plaintiff had reached maximum medical improvement on August 31, 1998 and assigned a ten percent (10%) permanent partial disability rating to plaintiffs ankle.
10. Plaintiff returned to work at the Beef Barn approximately two weeks after the injury. However, he never returned to work for defendant-employer.
11. Based on plaintiffs testimony, the stipulated medical records as well as witness testimony, plaintiff experienced an incident at work consisting of a presyncopal episode that caused his fall and subsequent ankle fracture.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that he experienced an injury by accident arising out of and in the course and scope of his employment. Therefore, he is not entitled to benefits under the Workers Compensation Act. N.C.G.S. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Since the employee did not sustain an injury by accident arising out of and in the course and scope of his employment under the Workers Compensation Act, his claim must be and is hereby DENIED.
2. Each party shall bear its own costs.
This the ___ day of July 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS/bjp